JULIUS OPPENHEIMER, as· Administrator, etc., of JENNIE OPPENHEIMER, Deceased, Respondent, *v.* HARRISETTA HOLDING COMPANY, Appellant.

First Department, June 13, 1919.

**Negligence — tenant falling on stairs — verdict against weight of evidence — admission of evidence to show stairs were fire trap when issue involved was failure to keep in repair.**

In an action to recover for personal injuries sustained by the plaintiff because of the negligent maintenance of a stairway in premises of the defendant in which plaintiff's intestate was a tenant, the evidence by the plaintiff

tended to show that the carpets and the rubber tread were badly worn and torn, and the rubbers loose, and that they had remained so for several months prior to the accident. Opposed to this evidence was testimony that while conditions described had existed, repairs had been made sometime prior to the accident, and that the carpet had been relaid and new rubber treads and galvanized nosings put on. These facts were also testified to by the janitor, his wife, two of the tenants, the manager of the company doing the repairing and the man who did the work.

*Held,* that a verdict in favor of the plaintiff was against the weight of the evidence on the issue of the defendant's negligence.

It was prejudicial error demanding a reversal of the judgment to permit, over objection, testimony that " the stairs were nothing but a fire trap," as the charge of negligence was not addressed to the maintenance of stairs so constructed as to form a fire trap, but only to the state of repair of the carpet and rubber treads on the stairs.

APPEAL by the defendant, Harrisetta Holding Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of March, 1918, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 5th day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*James I. Cuff,* for the appellant.

*Arnold Gross* of counsel [*Henry A. Steinbock,* attorney], for the respondent.

PAGE, J.:

The action was to recover for personal injuries sustained by the plaintiff's intestate because of the negligent maintenance of a stairway in premises of the defendant in which plaintiff's intestate was a tenant. The deceased and her husband occupied an apartment on the first floor above stores in the defendant's building for twenty-four years. The deceased met her death by falling down a portion of the stairs leading from the first to the ground floor. These stairs consisted of seven steps toward the front of the building to a broad step or platform, then several steps around a turn to another platform and then the stairs leading down to the ground floor toward the front of the building. The only eye witness to the accident was the sister of the deceased, who testified that the deceased

had descended the seven steps and reached the broad step or platform when she heard a tearing sound and saw her sister fall down the stairs; that after the accident she examined the stairs and found the rubber torn at the head of the last flight of steps. The negligence with which the defendant is charged is permitting the covering on the stairway to be in a worn-out, loose and dilapidated condition and out of repair. Several occupants of the premises testified that the carpets and the rubber treads were badly worn, torn, and the rubbers loose, and that they had remained so for from five to seven months prior to the accident. Joseph Friedner, called as a witness for the plaintiff, testified that the condition described had existed for that period of time, but that about a month and a half prior to the accident the carpets had been taken up and relaid, and new rubber treads and galvanized nosings put on. This was also testified to by the janitor, his wife, two of the tenants, the manager of the carpet-cleaning company that did the work and gave dates from his books, estimates and orders, and the man who did the work of taking up and relaying the carpets.

In my opinion, the verdict of the jury was against the weight of the evidence on the issue of the defendant's negligence. Furthermore, I am of opinion that the judgment should be reversed for the prejudicial error which was committed in the admission of evidence. While the janitor was under cross-examination he was asked if he had not told Mrs. McGloin that the main stairway was nothing but a trap. He answered, the top only. Mrs. McGloin was recalled on rebuttal and asked to state what the conversation was that she had with the janitor, and replied: "He said that the house — that the stairs * * * were nothing but a fire trap." A motion was made to strike out this evidence and for the withdrawal of a juror, which was denied, and counsel then asked: "What, if anything, did he say about it being a death trap? A. He says the stairs was a death trap." This latter answer was stricken out and the defendant's counsel again moved for a mistrial. During the summation the defendant's attorney noted an exception to the statement of plaintiff's counsel that the stairs were a fire trap, and also to the statement that the whole stairs was a place of filth

and dirt. The court instructed the jury to disregard the latter statement as not being one of the issues of the case.

The statement of the janitor was not competent, it being a mere expression of his opinion that the construction of the stairway at the top was faulty and constituted a trap, and the testimony of Mrs. McGloin that he said it was a fire trap, and the use of that testimony in the summation, were very prejudicial.

The charge of negligence was not addressed to the maintenance of stairs so constructed as to form a fire trap, but only to the state of repair of the carpet and rubber treads on the stairs.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.